## TERRITORY *v.* ADELINE AMARAL.

## No. 2103.

·SUBMITTED MAY 8, 1933.                    DECIDED MAY 29, 1933.

PERRY, C. J., BANKS, J., AND CIRCUIT JUDGE DAVIS
IN PLACE OF PARSONS, J., UNABLE TO ATTEND
ON ACCOUNT OF ILLNESS.

OPINION OF THE COURT BY BANKS, J.

This case comes here on exceptions. The jury found the defendant guilty under an indictment charging him with the unlawful, furious and heedless driving of an automobile on a public highway on the Island of Maui in violation of section 4388, R. L. 1925.

It appears from substantial evidence, amounting to more than a scintilla, that the defendant while driving an old Ford car (which was referred to by some of the witnesses as "junk") along a public highway on Maui collided with another automobile traveling in an opposite direction. As a result of the collision one of the persons riding with the defendant was killed and others were thrown to the ground. Just prior to the collision there were other cars in front of the defendant, traveling in the same direction that he was. He passed the first of these cars at a speed of from thirty-five to forty-five miles an hour. After doing this he returned to the right-hand side

of the road and was then in the rear of the second car, which was twenty feet from him. The third car was about twenty feet in front of the second car. In an attempt to pass the second car he again swerved to the left towards the middle of the road, the macadamized portion of which was twenty feet wide. The road was straight for a distance of several hundred feet. When he emerged from behind, the car in front of him was about thirty feet from the car with which he collided. The collision occurred almost immediately. The defendant testified, and there is no evidence to the contrary, that when he reached the center of the road the steering gear became locked and the car got beyond his control.

One of the defendant's exceptions, and the only one we need mention specifically, is the refusal of the court below to give the following instruction: "If you find from the evidence that the defendant, in attempting to overtake another automobile traveling in the same direction, turned his car towards the middle of the road and that immediately thereupon the steering gear became unmanageable and out of control so that defendant could not turn his car to the right of the road and by reason thereof the car operated by William C. Foss collided with defendant's car, then I instruct you that the accident was unavoidable and you should find the defendant not guilty." By this instruction the defendant sought to have the court tell the jury in effect that he should be acquitted if it believed from the evidence that the steering gear of his car became unmanageable, and that because of this he was unable to avoid the collision.

If the instruction had been given it would have precluded the jury from considering any fact in the case other than the locking of the steering gear and its effect upon the defendant's control of his car. There was evidence, as we have seen, of other facts which occurred prior

to the locking of the steering gear and which it was very proper for the jury to consider in determining whether the defendant was guilty of a violation of the statute. The jury would, for instance, have been justified in concluding, as it may have done, that it was heedless and reckless conduct, dangerous to the safety of others, to attempt to drive a car that was so old as to be mere "junk" past other cars that were in such close proximity to each other as to render it difficult in case of necessity to resume a position of safety between them and that it was also heedless and reckless for the defendant to swerve his car to the middle of the road at a speed of thirty-five or forty-five miles an hour without ascertaining whether another car approaching him was so near as to render the situation perilous.

The other exceptions have also been carefully considered and are equally without merit.

The exceptions are overruled and the cause is remanded for further proceedings not inconsistent with this opinion.

*E. R. Bevins,* County Attorney of Maui, and *Wendell F. Crockett,* Deputy County Attorney of Maui, for the Territory.

*E. Vincent* for defendant.